# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| CUTTING EDGE VISION, LLC, an Arizona Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TCL TECHNOLOGY GROUP CORPORATION, TCL ELECTRONICS HOLDINGS LIMITED, TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED, and TCL COMMUNICATION LIMITED,<br><br>Defendants. | Civil Action No.:  6:22-cv-285<br><br>TRIAL BY JURY DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cutting Edge Vision, LLC ("CEV"), by and through undersigned counsel, complains against Defendants TCL Technology Group Corporation, TCL Electronics Holdings Limited, TCL Communication Technology Holdings Limited, and TCL Communication Limited (collectively, "TCL" or "Defendants") as follows:

## NATURE OF THE ACTION

1.      Cutting Edge Vision, LLC holds patents for camera and camera-enabled mobile device technologies invented by Jeffrey C. Konicek. It has licensed its technology to eleven of the world's leading mobile phone manufacturers including (1) Samsung Electronics Co., Ltd.; (2) LG Electronics Inc.; (3) Sony Mobile Communications Inc.; (4) Microsoft Corporation; (5) ZTE; (6) OnePlus Technology (Shenzhen) Co., Ltd.; (7) Kyocera Corporation; (8) HTC Corporation; (9) ASUSTeK Computer Inc.; (10) BLU Products Inc., and (11) Sonim Technologies Inc. Despite

CEV's repeated notice of infringement, TCL continues its unauthorized and unlicensed use of CEV's patents.

## THE PARTIES

2.      Plaintiff Cutting Edge Vision, LLC is an Arizona Limited Liability Company based in Scottsdale, Arizona.

3.      Defendant TCL Technology Group Corporation ("TCL Technology") is a company duly organized and existing under the laws of the People's Republic of China, having an address of No. 26, the Third Road, Zhongkai Avenue, Huizhou City, Guangdong, China 516006. TCL Technology may also be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute (Texas Civil Practice and Remedies Code Sec. 17.044). This action arises out of that business.

4.      TCL Technology—together with its subsidiaries—describes itself as "principally engag[ing] in the R&D, manufacturing and sales of consumer electronic products such as smart screens, mobile communication devices and independently develop[ing] home Internet services."[1]

5.      Defendant TCL Electronics Holdings Limited ("TCL Electronics") is a limited liability company duly organized and existing under the laws of the Cayman Islands, having an address of 7th Floor, Building 22E, 22 Science Park East Avenue, Hong Kong Science Park, Shatin, New Territories, Hong Kong. TCL Electronics may also be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for

---

[1] TCL Electronics Holdings Limited Annual Report 2020, at 3, https://doc.irasia.com/listco/hk/tclelectronics/annual/2020/ar2020.pdf.

service of process in Texas as required by statute (Texas Civil Practice and Remedies Code Sec. 17.044). This action arises out of that business.

6.     TCL Electronics is an indirect wholly owned subsidiary of TCL Technology. TCL Electronics is involved in the manufacture and sale of TVs, smartphones, smart connective devices and services, smart commercial display and smart home products and provision of Internet platform operating services.[2]

7.     Defendant TCL Communication Technology Holdings Limited ("TCL Communication") is a company duly organized and existing under the laws of the Cayman Islands, having an address of 5th Floor, Building 22E, 22 Science Park East Avenue, Hong Kong Science Park, Shatin, New Territories, Hong Kong. TCL Communication may also be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute (Texas Civil Practice and Remedies Code Sec. 17.044). This action arises out of that business.

8.     TCL Communication is a wholly owned subsidiary of TCL Electronics, which is an indirectly wholly owned subsidiary of TCL Technology. Together with its subsidiaries, TCL Communication manufactures and sells smartphones.

9.     Defendant TCL Communication Limited ("TCLC") is a corporation duly organized and existing under the laws of the People's Republic of China, having an address of 7/F, Block F4, TCL International E City Zhong Shan Yuan Road, Nanshan District, Shenzhen China. TCLC may also be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not

---

[2] TCL Electronics Holdings Limited Annual Report 2020, at 139, https://doc.irasia.com/listco/hk/tclelectronics/annual/2020/ar2020.pdf.

designated or maintained a resident agent for service of process in Texas as required by statute (Texas Civil Practice and Remedies Code Sec. 17.044). This action arises out of that business.

10.     TCLC is an indirect subsidiary of TCL Technology. TCLC is involved in the manufacture and sale of smartphones.

11.     The Defendants identified in paragraphs 3-10 above (collectively, "TCL") are part of an interrelated group of companies which together comprise one of the world's largest manufacturers of televisions and smartphones and one of the leading sellers of televisions and smartphones in the United States, including the TCL brands. TCL, which refers to the company and its subsidiaries as the "Group," describes itself as one of the "world's leading consumer electronics company" and states that the Group is "mainly involved in the manufacture and sale of television ('TV') sets, smart mobile, smart connective devices and services, smart commercial display and smart home products and provision of Internet platform operating services." [3]

12.     The TCL Defendants named above and their affiliates are part of the same corporate structure and distribution chain for the making, importing, offering to sell, selling, and using of the consumer electronics including camera-enabled mobile devices and smartphones in the United States to consumers in Waco within this judicial district, including at least the following models: (1) TCL 10 PRO - T799B; (2) TCL SIGNA; (3) 20 PRO 5G, (4) 20S; (5) 20 SE; (6) TCL 10 5G UW - T790S; (7) TCL 10L; (8) Alcatel AXEL; (9) Alcatel IdealXTRA; (10) Alcatel TETRA; (11) Alcatel GLIMPSE; (12) Alcatel LUMOS; (13) Alcatel APPRISE; (14) Alcatel INSIGHT; (15) Alcatel ONYX; (16) Alcatel AVALON V; (17)  Alcatel TCL LX; (18) BlackBerry Key2; (19) BlackBerry Key2 LE; (20) BlackBerry Key One; (21) BlackBerry PRIV; and (22) BlackBerry DTEK60 ("the Accused Devices").

---

[3] TCL Electronics Holdings Limited Annual Report 2020, at 3, 139, https://doc.irasia.com/listco/hk/tclelectronics/annual/2020/ar2020.pdf.

13.     The TCL Defendants named above and their affiliates share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and accused product lines and products involving related technologies.

14.     Thus, the TCL Defendants named above and their affiliates operate as a unitary business venture and are jointly and severally liable for the acts of patent infringement alleged herein.

15.     The parties to this action are properly joined under 35 U.S.C. § 299 because the right to relief asserted against defendants jointly and severally arises out of the same series of transactions or occurrences relating to the making and using of the same products or processes. Additionally, questions of fact common to all Defendants will arise in this action.

**JURISDICTION AND VENUE**

16.     This action arises under the Patent Laws of the United States, Title 35 of the United States Code.

17.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

18.     This Court has personal jurisdiction over Defendants pursuant to due process and/or the Texas Long Arm Statute because, *inter alia*, (i) Defendants have transacted and continue to transact substantial business in Texas and in this District (ii) Defendants have committed and continue to commit acts of patent infringement in the Texas and in this District, including making, using, offering to sell, and/or selling the Accused Products, and/or importing the Accused Products, including by Internet sales and sales via retail and wholesale stores, inducing others to commit acts of patent infringement in Texas, and/or committing a least a portion of any other

infringements alleged herein. In addition, or in the alternative, this Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k)(2).

19.     Venue is appropriate in this District under 28 U.S.C. § 1391(b)-(d), because Defendant is subject to personal jurisdiction in Texas and the Western District of Texas but not resident in the United States.

## CUTTING EDGE VISION PATENT PORTFOLIO

20.     Cutting Edge Vision, LLC is the assignee of a portfolio of fourteen patents issued to Jeffrey C. Konicek for the inventions claimed therein relating to camera and camera-enabled mobile device technologies. The CEV patents in the portfolio currently asserted in this case to be infringed by TCL are:

- U.S. Patent 10,063,761, entitled "Automatic Upload of Pictures from a Camera," filed November 24, 2015, issued August 28, 2018; and

- U.S. Patent 11,153,472, entitled "Automatic Upload of Pictures from a Camera," filed October 25, 2019, issued October 19, 2021.

The CEV portfolio also includes the following additional patents that claim inventions relating to camera and camera-enabled mobile device technologies:

- U.S. Patent 7,697,827, entitled "User-Friendlier Interfaces for a Camera," filed October 17, 2005, issued April 13, 2010;

- U.S. Patent 7,933,508, entitled "User-Friendlier Interfaces for a Camera," filed February 22, 2010, issued April 26, 2011;

- U.S. Patent 8,467,672, entitled "Voice Recognition and Gaze-Tracking for a Camera," filed April 15, 2011, issued June 18, 2013;

- U.S. Patent 8,831,418, entitled "Automatic Upload of Pictures from a Camera," filed December 17, 2012, issued September 9, 2014;

- U.S. Patent 8,824,879, entitled "Two Words as the Same Voice Command for a Camera," filed March 6, 2014, issued September 2, 2014;

- U.S. Patent 8,818,182, entitled "Pictures Using Voice Commands and Automatic Upload," filed March 10, 2014, issued August 26, 2014;

- U.S. Patent 8,897,634, entitled "Pictures Using Voice Commands and Automatic Upload," filed June 26, 2014, issued November 25, 2014;

- U.S. Patent 8,917,982, entitled "Pictures Using Voice Commands and Automatic Upload," filed September 25, 2014, issued December 23, 2014;

- U.S. Patent 8,923,692, entitled "Pictures Using Voice Commands and Automatic Upload," filed August 6, 2014, issued December 30, 2014;

- U.S. Patent 9,485,403, entitled "Wink Detecting Camera," filed November 12, 2014, issued November 1, 2016;

- U.S. Patent 9,936,116, entitled "Pictures Using Voice Commands and Automatic Upload," filed June 21, 2016, issued  April 3, 2018; and

- U.S. Patent 10,257,401, entitled "Pictures Using Voice Commands," filed November 24, 2015, issued April 9, 2019.

Discovery in this matter may establish that TCL infringes one or more of these additional patents. The fourteen patents identified above are all part of the same family of patents and are referred to collectively herein as the "CEV Technology."

21.     Mr. Konicek assigned all rights, titles and interests in the CEV Technology to Cutting Edge Vision, LLC, including the right to sue for past damages.

## THE LICENSING PROGRAM

22.     CEV has for several years engaged in a program to license the CEV Technology to major camera and mobile device manufacturers.

23.     As a result of its licensing efforts, CEV has licensed the CEV Technology to eleven of the world's leading camera and mobile device manufacturers, including:

- Samsung Electronics Co., Ltd.;
- LG Electronics Inc.;
- Sony Mobile Communications Inc.;
- Microsoft Corporation;
- ZTE;
- OnePlus Technology (Shenzhen) Co., Ltd.;
- Kyocera Corporation;
- HTC Corporation;
- ASUSTeK Computer Inc.;
- BLU Products Inc. ; and
- Sonim Technologies, Inc.

24.     CEV first notified TCL that it was infringing the CEV Technology more than 5 years ago, on September 29, 2016. That notice letter included detailed claim infringement charts demonstrating that at least four CEV's patents were infringed by TCL mobile devices. CEV offered to discuss the license terms with TCL regarding the CEV Technology and address in good faith the merits of any response or defense presented by TCL.

25.     Since that notice letter, CEV has continually kept TCL up to date on CEV's progress in patent prosecution (including announcing issued patents), licensing (including

announcing each license agreement), and enforcement (by notifying TCL of any litigation involving the patents).

26.      On July 16, 2019, CEV filed a complaint for patent infringement against OnePlus Technology (Shenzhen) Co., Ltd. in the Northern District of Illinois (Case No. 1:19-cv-04753). On September 2, 2019, CEV filed an amended complaint for patent infringement in that case naming OnePlus and its primary U.S. customer T-Mobile US, Inc. Shortly thereafter, U.S. counsel for OnePlus approached CEV, and the parties negotiated a license agreement.  CEV dismissed the case with prejudice as to OnePlus and OnePlus devices on October 15, 2019.  On November 5, 2019, CEV announced to TCL that it resolved the OnePlus litigation, indicated that CEV would soon be filing additional lawsuits, and invited TCL to discuss license terms.

27.      On November 4, 2019, CEV filed a complaint for patent infringement against BLU Products Inc. in the Southern District of Florida (Case No. 19-cv-24566-UU). In May of 2020, CEV and BLU conducted court-ordered mediation and negotiated a running royalty license agreement to resolve the case. CEV and BLU negotiated the agreement and the royalty after discovery, including the parties' exchange of their existing intellectual property license agreements, with full consideration and discussion of those agreements.  In addition, the royalty rates were negotiated at arm's length with the assistance of a mediator experienced in intellectual property matters. The parties also negotiated the agreement after CEV provided detailed infringement contentions to BLU, so BLU had a full opportunity to evaluate the technology and consider its value as a component of the infringing devices. On June 12, 2020, CEV announced to TCL that it resolved the BLU litigation and invited TCL to resolve the matter with CEV on similar terms as BLU.

28.     On November 3, 2020, CEV filed a complaint for patent infringement against HTC Corporation and HTC America, Inc. in the Western District of Washington (Case No. 2:20-cv-01618-MLP). In March of 2021, CEV and HTC negotiated a license agreement and resolved the case.  The parties negotiated the agreement after CEV provided detailed infringement contentions to HTC, so HTC had a full opportunity to evaluate the technology and consider its value as a component of the infringing devices. On April 20, 2021, CEV announced to TCL that it resolved the HTC litigation and that CEV had filed another lawsuit against Sonim Technologies, Inc. in the Western District of Texas.  CEV again invited TCL to negotiate a license.

29.     On April 16, 2021, CEV filed a complaint for patent infringement against Sonim Technologies, Inc. in the Western District of Texas (Case No. 6:21-cv-00370). In August of 2021, CEV and Sonim negotiated a license agreement and resolved the case.  On September 23, 2021, CEV announced to TCL that it resolved the Sonim litigation.

30.     Since December of 2019, TCL has periodically engaged with CEV to discuss the patents. CEV always promptly responded in good faith to any questions or purported defenses raised by TCL and attempted to negotiate a license with TCL. However, TCL has declined to negotiate a license on terms consistent with CEV's existing licensees.

31.     Thus, for more than five years, TCL, with full knowledge of its infringement, has refused to negotiate a license on terms consistent with CEV's existing licensees, and in the meantime, eleven of the world's leading camera and mobile device manufacturers have now accepted a license to the CEV portfolio.

## COUNT I

### (Infringement of United States Patent No. 10,063,761)

32.    CEV incorporates by reference paragraphs 1 through 31 of this Complaint and realleges them as though fully set forth herein.

33.    At least since August 28, 2018, TCL has made, used, sold, offered for sale, and/or imported camera-enabled mobile devices that meet each element of Claims 1-4 and 16 of U.S. Patent 10,063,761 ("the '761 Patent"), including at least the Accused Devices. It is likely that other TCL devices will be determined to infringe claims of the '761 Patent.

34.    As recited in CEV's independent claim 1, at least the Accused Devices include a lens, a cellular interface, an image sensor configured to take pictures, a non-volatile local memory configured to store one or more pictures, a touch sensitive display, and a controller. The Accused Devices include an upload option that instructs the device to confine automatic picture upload to periods without potential cellular network access fees (*e.g.*, to upload only when not roaming). The controller is configured to automatically upload designated photos over a cellular interface. The upload automatically occurs after the device confirms that upload is allowed during the current period, receives an indication that the system is connected to the internet via the cellular interface, and receives an indication a user has elected an option to designate at least one picture to be uploaded (through a selection of device folders for upload).

35.    The Accused Devices also meet each element of dependent claims 2-4 and 16 of the '761 Patent.

36.    Direct infringement of Claims 1-4 and 16 of the '761 Patent under 35 U.S.C. § 271(a) occurred when TCL made, imported, used, sold and/or offered for sale at least the Accused Devices.

37.    In addition, as established by the conduct set forth above including in Paragraphs 24-31, CEV is informed and believes, and thereon alleges, that TCL's infringement of the '761 Patent has been and continues to be willful.

38.    As a direct and proximate result of TCL's conduct, CEV has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. CEV has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## COUNT II

### (Infringement of United States Patent No. 11,153,472)

39.    CEV incorporates by reference paragraphs 1 through 31 of this Complaint and realleges them as though fully set forth herein.

40.    At least since October 19, 2021, TCL has made, used, sold, offered for sale, and/or imported camera-enabled mobile devices that meet each element of Claims 1, 2, 5, and 6 of U.S. Patent 11,153,472 ("the '472 Patent"), including at least the Accused Devices. It is likely that other TCL devices will be determined to infringe claims of the '472 Patent.

41.    As recited in CEV's independent claim 1, at least the Accused Devices include a lens, a cellular interface, an image sensor that is coupled to the lens and operable to capture pictures, a non-volatile local memory that is coupled to the image sensor and operable to store pictures captured by the image sensor, and a touch sensitive display. The Accused Devices include an upload option that instructs the camera system to confine automatic picture upload to periods without potentially increased cellular network access fees (*e.g.*, to upload only when not roaming). The controller is configured to automatically connect to a picture hosting service that is internet-based and enable an upload to the picture hosting service. The automatic connection and enabling

of the upload occurs during any period detected by the controller in which (1) the upload is allowed because the system is within one of the periods without potentially increased cellular network access fees, as determined using data from the cellular interface, (2) the system is connected to the internet via the cellular interface, and (3) at least one image sensor-captured picture stored in the local memory has been designated through the touch sensitive display as part of the group of pictures to be uploaded to the picture hosting service (through a selection of device folders for upload).

42.     As recited in CEV's independent claim 5, at least the Accused Devices include a lens, a cellular interface, an image sensor that is coupled to the lens and operable to capture pictures, a non-volatile local memory that is coupled to the image sensor and operable to store pictures captured by the image sensor, and a touch sensitive display. The Accused Devices are configured to display a user-selectable input that instructs the camera system to confine automatic picture upload to periods without potentially increased cellular network access fees (e.g., to upload only when not roaming). The controller is configured to automatically connect to a picture hosting service that is internet-based and enable an upload to the picture hosting service. The automatic connection and enabling of the upload occurs during any period in which (1) the controller has received a selection of the user-selectable input that instructs the camera system to confine automatic picture uploads to periods without potentially increased cellular network access fees, (2) the controller has confirmed that the camera system is within a period without potentially increased cellular network access fees, as determined using data from the cellular interface, (3) the system is connected to the internet via the cellular interface, and (4) at least one image sensor-captured picture stored in the local memory has been designated as part of the group of image sensor-captured pictures to be uploaded (through a selection of device folders for upload).

43.    The Accused Devices also meet each element of dependent claims 2 and 6 of the '472 Patent.

44.    Direct infringement of Claims 1, 2, 5, and 6 of the '472 Patent under 35 U.S.C. § 271(a) occurred when TCL made, imported, used, sold and/or offered for sale at least the Accused Devices.

45.    In addition, as established by the conduct set forth above including in Paragraphs 24-31, CEV is informed and believes, and thereon alleges, that TCL's infringement of the '472 Patent has been and continues to be willful.

46.    As a direct and proximate result of TCL's conduct, CEV has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. CEV has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## DEMAND FOR JURY TRIAL

47.    Plaintiff hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedures as to all issues in the above captioned lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, CUTTING EDGE VISION, LLC PRAYS FOR:

a.    Judgment on the Complaint that TCL has willfully infringed one or more of the claims of the '761 Patent and '472 Patent;

b.    A permanent injunction to be issued enjoining and restraining TCL, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and those in active concert and participation with it, and each of them, from making, using, selling, offering for sale,

or importing any products which infringe claims of the '761 Patent or '472 Patent, and from inducing or contributing to the infringement of any such claims by others;

     c.     An award of damages against TCL adequate to compensate CEV for past infringement of the '761 Patent and '472 Patent, together with interest and costs as fixed by the Court, such damages to be trebled where appropriate because of the willful and deliberate character of the infringement;

     d.     Judgment that this case is "exceptional" in the sense of 35 U.S.C. § 285, and that CEV is entitled to an award of its reasonable attorneys' fees in the prosecution of this action; and

     e.     Such other and further relief as the Court may deem just and proper.

Dated: March 16, 2022          Respectfully submitted,

                           */s/ David N. Deaconson*
                           David N. Deaconson
                           Texas Card Bar #05673400
                           PAKIS, GIOTES, PAGE & BURLESON, P.C.
                           P.O. Box 58
                           Waco, TX  76703-0058
                           (254) 297-7300 Phone
                           (254) 297-7301 Facsimile
                           deaconson@pakislaw.com

                           *Local Counsel for Plaintiff*

and

                           Eamon Kelly
                           IL Bar No. 6296907
                           *Pro Hac Vice Pending*
                           SPERLING & SLATER, PC
                           55 West Monroe Street, 32nd Floor
                           Chicago, IL 60603
                           Tel.: (312) 641-3200
                           Fax: (312) 641-6492
                           ekelly@sperling-law.com

Justin J. Lesko
IL Bar No. 6306428
*Pro Hac Vice Pending*
Steven G. Lisa
IL Bar No. 6187348
*Pro Hac Vice Pending*
55 East Monroe Street, Suite 3800
Chicago, IL 60603
Tel.: (480) 442-0297
JustinLesko@patentit.com
SteveLisa@patentit.com

*Lead Counsel for Plaintiff*