# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| CUTTING EDGE VISION, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:22-CV-00285-ADA-DTG |
| | § | |
| TCL TECHNOLOGY GROUP | § | JURY TRIAL DEMANDED |
| CORPORATION, TCL ELECTRONICS | § | |
| HOLDINGS LIMITED, TCL | § | |
| COMMUNICATION TECHNOLOGY | § | |
| HOLDINGS LIMITED, and TCL | § | |
| COMMUNICATION LIMITED | § | |
| | | |
| Defendants. | | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS THAT THE ASSERTED CLAIMS OF THE PATENTS-IN-SUIT ARE INVALID UNDER 35 U.S.C. § 101**

# TABLE OF CONTENTS

                                                                                                   Page

I. REPLY TO INTRODUCTION ..................................................................................1

II. REPLY TO PLAINTIFF'S SECTION II – THE PATENT SPECIFICATION AND PROSECUTION HISTORIES DEMONSTRATE THAT THE ASSERTED CLAIMS AS A WHOLE ARE DIRECTED TO ABSTRACT IDEAS ..........................................................................................................................1

    A. The claimed invention does not involve "technical improvements" .................2

        1. The specification admits that the claimed "camera system" includes only conventional hardware components ..............................2

        2. The claims at issue recite only generalized steps, which by definition, are abstract ideas ...............................................................4

        3. Federal Circuit case law demonstrates that the claims are directed to abstract ideas ................................................................................4

    B. Plaintiff's reliance on the prosecution history is misplaced ..............................5

III. REPLY TO ARGUMENT .........................................................................................6

    A. The claims are ineligible combinations of abstract ideas ..................................6

    B. *Alice* Step 2: The Claims of the Asserted Patents Recite No Inventive Concept ..............................................................................................................8

    C. Resolution under § 101 is Appropriate at this Stage.........................................9

IV. CONCLUSION........................................................................................................10

# TABLE OF AUTHORITIES

                                                                                                                                         Page(s)

**Cases**

*Affinity Labs of Texas, LLC v. Amazon.com, Inc.*,
    838 F.3d 1266 (Fed. Cir. 2016) ............................................................................... 7

*Berkheimer v. HP Inc.*,
    881 F.3d 1360 (Fed. Cir. 2018) ............................................................................. 10

*Bilski v. Kappos*,
    561 U.S. 593 (2010) ............................................................................................ 4, 5

*BSG Tech LLC v. BuySeasons, Inc.*,
    899 F.3d 1281 (Fed. Cir. 2018) ............................................................................... 9

*ChargePoint, Inc. v. SemaConnect, Inc.*,
    920 F.3d 759 (Fed. Cir. 2019) ................................................................................. 2

*Content Extraction & Transmission LLC v. Wells Fargo Bank, National Ass'n*,
    776 F.3d 1343 (Fed. Cir. 2014) ............................................................................... 5

*Core Wireless Licensing S.A.R.L. v. LG Electronics, Inc.*,
    880 F.3d 1356 (Fed. Cir. 2018) ............................................................................... 7

*Customedia Techs., LLC. v. Dish Network Corp.*,
    951 F.3d 1359 (Fed. Cir, 2020) ............................................................................ 6, 8

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
    879 F.3d 1299 (Fed. Cir. 2018) ............................................................................ 6, 8

*Intellectual Ventures I LLC v. Capital One Fin. Corp.*,
    850 F.3d 1332 (Fed. Cir. 2017) ............................................................................... 2

*Intellectual Ventures I LLC v. Symantec Corp.*,
    838 F.3d 1307 (Fed. Cir. 2016) ............................................................................... 9

*Internet Patents Corp. v. Active Network, Inc.*,
    790 F.3d 1343 (Fed. Cir. 2015) ............................................................................... 1

*Interval Licensing LLC v. AOL, Inc.*,
    896 F.3d 1335 (Fed. Cir. 2018) ............................................................................. 10

*Joao Control & Monitoring Sys., LLC v. Digital Playground, Inc.*,
    2016 WL 5793745 (S.D.N.Y. Sept. 30, 2016) ........................................................ 5

*Maxell, Ltd. et al. v. Vizio, Inc.*,
    No. 21-cv-6758-GW-DFMx, Dkt. 183 (C.D.Cal. Apr. 19, 2023) ........................... 8

# TABLE OF AUTHORITIES CONT'D

Page(s)

**Cases**

*Parker v. Flook*,
   437 U.S. 584 (1978).................................................................................................. 5

*PersonalWeb Techs. LLC v. Google LLC*,
   8 F.4th 1310 (Fed. Cir. 2021) ................................................................................ 8, 9

*RecogniCorp, LLC v. Nintendo Co.*,
   855 F.3d 1322 (Fed. Cir. 2017)................................................................................. 2

*SAP Am., Inc. v. InvestPic, LLC*,
   898 F.3d 1161 (Fed. Cir. 2018)............................................................................... 10

*Secured Mail Sols., LLC v. Universal Wilde, Inc.*,
   873 F.3d 905 (Fed. Cir. 2017) ("a court need not 'accept as true allegations
   that contradict matters properly subject to judicial notice or by exhibit,'
   such as the claims and the patent specification")............................................... 10

*Simio, LLC v. FlexSim Software Prods., Inc.*,
   983 F.3d 1353 (Fed. Cir. 2020)................................................................................. 9

*Slyce Acquisition Inc. v. Syte-Visual Conception Ltd.*,
   No. 6:19-cv-257-ADA, 2020 WL 278481 (W.D. Tex. Jan. 10, 2020) ............................... 9

*Smart Sys. Innovations, LLC v. Chi. Transit Auth.*,
   873 F.3d 1364 (Fed. Cir. 2017)................................................................................. 5

*Solutran, Inc. v. Elavon, Inc.*,
   931 F.3d 1161 (Fed. Cir. 2019)............................................................................. 4, 5

*Spectra-Physics, Inc. v. Coherent, Inc.*,
   827 F.2d 1524 (Fed. Cir. 1987)............................................................................. 4, 7

*TecSec, Inc. v. Adobe Inc.*,
   978 F.3d 1278 (Fed. Cir. 2020). Dkt. 65.................................................................... 7

*Trading Techs. Int'l, Inc. v. IBG LLC*,
   921 F.3d 1084 (Fed. Cir. 2019)................................................................................. 9

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
   2016 WL 4373698 (D. Del. Aug. 15, 2016), *aff'd*, 874 F.3d 1329 (Fed.
   Cir. 2017) ................................................................................................................. 8

*Ultramercial, Inc. v. Hulu, LLC*,
   772 F.3d 709 (Fed. Cir. 2014)................................................................................... 5

# TABLE OF AUTHORITIES CONT'D

**Page(s)**

**Cases**

*Voter Verified, Inc. v. Election Sys. & Software LLC*,
    887 F.3d 1376 (Fed. Cir. 2018)......................................................................................... 5

*Yu v. Apple Inc.*,
    1 F.4th 1040 (Fed. Cir. 2021) ............................................................................................ 9

## I. REPLY TO INTRODUCTION

Contrary to Plaintiff's argument at page 1 of its Opposition (Dkt. 65), there is no need to delay resolution of the section 101 issue in this case because the patent specifications admit that the hardware recited in the asserted claims was well known. *See infra* §II.A.1.

Defendants have not, as Plaintiff incorrectly argues, repeated their claim construction arguments. Dkt. 65 at 2. Rather, Defendants have demonstrated that the claims as a whole are directed to abstract ideas, implemented through conventional technology. *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1346 (Fed. Cir. 2015); *see infra* §§II.A.2, II.A.3. Further, whether or not the claimed abstract idea is "inventive," as Plaintiff argues at pages 2-3 of its Opposition, is irrelevant to the issue of whether the claims are directed to an abstract idea. *See infra* §II.B.

Finally, Defendants have not, as Plaintiff argues at page 3 of its Opposition, oversimplified the claims. Defendants have rigorously applied the *Alice* factors to demonstrate that the asserted claims are patent-ineligible. As shown below, the asserted claims are directed to abstract ideas of automatically uploading chosen pictures over cellular network when certain conditions are met, avoiding costs such as only during periods without "potential cellular network access fees"' or "potentially increased cellular network access fees." *See infra* §III.

## II. REPLY TO PLAINTIFF'S SECTION II – THE PATENT SPECIFICATION AND PROSECUTION HISTORIES DEMONSTRATE THAT THE ASSERTED CLAIMS AS A WHOLE ARE DIRECTED TO ABSTRACT IDEAS

There is no merit to Plaintiff's arguments at pages 4-11 of its Opposition that the asserted claims are directed to technical improvements because the claims solve a problem. Plaintiff argues about "two competing issues for camera-enabled cellular devices on cellular networks: limited local memory storage space for cell phones, on the one hand, and potential cellular network access fees for uploading pictures over cellular networks, on the other." Dkt. 65 at 4. Plaintiff's proposed solution—uploading pictures over a *cellular* network when it costs

little or no money—is an abstract idea, not a technological solution. First, the patent specification admits that uploading pictures from cameras over the internet was well known. *See* '761 patent 12:36-39. Second, nothing in the specification distinguishes uploading pictures over a cellular network as opposed to other well-known methods, such as via WiFi or a hard-wired LAN. *See id.* 12:25-31. Third, the alleged problem of limited storage space in camera phones is not even reflected in the claims. *See ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 765-66 (Fed. Cir. 2019) (The focus of the claims must be reflected in the claim limitations.). As such, the asserted claims employ the same type of results-oriented, functional language that courts repeatedly use to find claims ineligible. *See, e.g., Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 850 F.3d 1332, 1342 (Fed. Cir. 2017).

### A. The claimed invention does not involve "technical improvements"

Defendants' opening brief explained that the hardware components of the camera system listed in each of the asserted independent claims were well known in the art. *See* Dkt. 60 at 2-3. Plaintiff does not dispute this, nor can it. Plaintiff's attempt to describe the conventional nature of the recited hardware components as "irrelevant" (Dkt. 65 at 17) is contradicted by well-settled Federal Circuit case law. "'[G]eneralized steps to be performed on a computer using conventional computer activity' are abstract.'" *RecogniCorp, LLC v. Nintendo Co.*, 855 F.3d 1322, 1326 (Fed. Cir. 2017).

#### 1. The specification admits that the claimed "camera system" includes only conventional hardware components

Each of the claims recites a "camera system," which includes a lens, a cellular interface, an image sensor, non-volatile local memory, a touch-sensitive display, and a controller. '761 patent claim 1; '472 patent, claims 1, 5. The asserted patents admit that "[d]igitally-based , , , cameras abound." '761 patent, 1:33. The asserted patents further admit that "the camera LCD display . . . employs touch sensitive technology . . . [which] is well known in the computer art . . . ." *Id.* at 7:12-15; 9:26-38 ("'touchpad' . . . should be construed to mean either the touch

pad itself or the touchpad with any or all of a controller, software, associated touchpad electronics, etc. This touchpad technology . . . is also well understood in the computer art.") The asserted patents refer to "the electronic view finder (DVF) typically used on modern digital cameras" (*id.* at 7:65-67) and "menus typically used for user interface to the camera" (*id.* at 8:3-4). The asserted patents state that the "software and hardware coupled to the camera controller allowing independent communication with a computer network for the primary purpose of communicating its pictures over the Internet" preferably by "WIFI which is typically connected by LAN, routers, etc. to the internet and which usually allows WIF-equipped devices to independently connect to the internet." *Id.* at 12:28. The inclusion of the words "typically" and "usually" amount to an admission that hardware and software connections of digital cameras to the internet were well-known at the time of the invention. Further, the specification equates the use of WiFi, LAN, and cellular networks: "Currently preferred is WIFI which is typically connected by LAMN, routers, etc. to the internet . . . . Alternatively, the invention contemplates the use of wired LAN, cellular data networks, etc. as the inter connection technology used by the inventive camera system." *Id.* at 12:25-31. The detailed description further states that the "camera system is further preferably equipped with a microbrowser that runs on the . . . camera system's camera controller which is preferably a microprocessor." *Id.* at 12:31-34. The specification admits that "[d]esign and operation of micro-browser-equipped electronic devices for use with the internet is well known in the art and need not be discussed further." *Id.* at 12:36-39. The specification further admits

> So equipped, the inventive camera system can now independently upload its pictures to any of the internet-based photo printing services, such as those provided by Walmart.com, Walgreens.com, Kodak.com, etc. without the need for first storing the photos to a computer system and then connecting the computer system to the internet to upload the pictures.

*Id.* at 12:42-48. Thus, the specification admits that the recited hardware elements were well known and conventional.

### 2. The claims at issue recite only generalized steps, which by definition, are abstract ideas

Plaintiff's Opposition confirms that the asserted claims recite only generalized steps: "automatically uploading stored pictures to an 'internet picture hosting site' whenever certain specific predetermined conditions are met." *See* Dkt. 65 at 5. Plaintiff states that "one of those key conditions is that uploads should be limited to 'periods of cheaper network access,'" in other words, "without potentially increased cellular network access fees (or without potential cellular network access fees)." *Id*. at 5, 8. There can be no reasonable dispute that Plaintiff's own articulation of its result-oriented solution to the alleged problem is an abstract idea.

There is no merit to Plaintiff's argument at pages 8 and 12-13 of its Opposition that the asserted claims are not abstract ideas because they allegedly are better than prior art methods of avoiding costs, such as "timer-based uploads and uploads using calculated estimates, rather than using current cellular network data received via the cellular interface." Plaintiff's Opposition does not identify any disclosure in the specification of any algorithm that processes the "cellular network data," whatever that is, and implements it in a manner covered by the claims. Dkt. 60 at 8. The lack of disclosure in the specification of such an algorithm amounts to an admission that Plaintiff's alleged solution of avoiding cellular fees was known in the art. *Spectra-Physics, Inc. v. Coherent, Inc.*, 827 F.2d 1524, 1534 (Fed. Cir. 1987) ("A patent need not teach, and preferably omits, what is well known in the art.").

### 3. Federal Circuit case law demonstrates that the claims at issue are directed to abstract ideas

Claims directed to avoiding costs, such as those at issue here, are classic examples of claims directed to abstract ideas. *See, e.g.*, *Bilski v. Kappos*, 561 U.S. 593, 611-612 (2010) (claims directed to "the basic concept of hedging, or protecting against risk" held abstract); *Solutran, Inc. v. Elavon, Inc.*, 931 F.3d 1161, 1166 (Fed. Cir. 2019) (claims directed to crediting a merchant's account as early as possible while electronically processing a check held abstract);

*Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014) (showing an advertisement before delivering free content held abstract); *Content Extraction & Transmission LLC v. Wells Fargo Bank, National Ass'n* , 776 F.3d 1343, 1347 (Fed. Cir. 2014) (method of extracting and then processing information from hard copy documents, including paper checks held abstract).

Contrary to Plaintiff's "technological conditions" argument at page 8 of its Opposition, the use of technology to implement an abstract idea does not save a claim from being patent-ineligible under section 101. *Solutran*, 931 F.3d at 1168 ("[t]he claimed methods in *Bilski* and *Alice* also recited actions that occurred in the physical world"), quoting, *In re Marco Guldenaar Holding B.V.*, 911 F.3d 1157, 1161 (Fed. Cir. 2018) ("the abstract idea exception does not turn solely on whether the claimed invention comprises physical versus mental steps"); *Voter Verified, Inc. v. Election Sys. & Software LLC*, 887 F.3d 1376 (Fed. Cir. 2018) (method of voting that involved steps of printing and handling physical election ballots); *Smart Sys. Innovations, LLC v. Chi. Transit Auth.*, 873 F.3d 1364 (Fed. Cir. 2017) (method of using physical bankcard). Further, the claims at issue here "simply instruct the practitioner to implement the abstract idea with routine, conventional activity." *Ultramercial*, 772 F.3d at 715.

### B. Plaintiff's reliance on the prosecution history is misplaced

Reciting the prosecution history, Plaintiff incorrectly argues in essence that the asserted claims are patent-eligible because the patent examiner allowed them over prior art. *See* Dkt. 65 at 8-11. The Federal Circuit has rejected similar arguments. *Solutran*, 931 F.3d at 1169, citing *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1151 (Fed. Cir. 2016) ("[A] claim for a new abstract idea is still an abstract idea."); *see also Parker v. Flook*, 437 U.S. 584, 595 n.18 (1978) ("a claim for an improved method of calculation, even when tied to a specific end use, is unpatentable subject matter under § 101."); *Joao Control & Monitoring Sys., LLC v. Digital Playground, Inc.*, 2016 WL 5793745, at *5 (S.D.N.Y. Sept. 30, 2016) ("Simply combining these abstract ideas does not create a nonabstract idea.").

Further, the prosecution history of the '761 patent, which Plaintiff ignores, undermines Plaintiff's argument. In the Office Action of June 20, 2017, the examiner rejected a predecessor of claim 1 as being anticipated by US 2006/0114338 (Rothschild). *See* Ex. C at 9. The examiner found that all of the hardware elements cited in the claim were found in Rothchild:

> Rothschild discloses "(a) a lens. . . (b), a WIFI interface . . . (c) an image sensor configured to take pictures . . . (d) a non-volatile memory configured to store one or more pictures; (e) a touch sensitive display configured to display . . . (1) a user-selectable menu option to designate one or more pictures stored in the nonvolatile memory to be uploaded to a remote picture hosting service; and (2) a use-selectable menu option to enable a controller to automatically connect to the remote picture hosting service and upload designated pictures stored in the non-volatile memory via the WIFI interface; (f) the controller configured to automatically connect to the remote picture hosting service and cause an upload of one or more pictures stored in the non-volatile memory to the remote picture hosting service via the WIFI interface, after predetermined conditions are met.

*Id.* In its December 20, 2017 response to the Office Action, Plaintiff did not challenge any of the above findings. *See id* at 13-14.[1]

### III.   REPLY TO ARGUMENT

#### A.   The claims are ineligible combinations of abstract ideas

Trying to avoid the application of the *Alice* factors, Plaintiff attempts to re-frame the alleged claims as a "'specific' improvement in computer capabilities or network functionality." *See* Dkt. 65 at 11. The asserted claims do neither. The relevant inquiry of *Alice* Step 1 is whether the claims recite a "specific technological improvement," *i.e.*, whether they enable computers to do something that they could not do before. *See, e.g., Customedia Techs., LLC. v. Dish Network Corp.*, 951 F.3d 1359, 1363 (Fed. Cir, 2020); *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1305 (Fed. Cir. 2018). The fact that no algorithms are disclosed to accomplish Plaintiff's alleged solution refutes Plaintiff's argument. *See supra* §II.A.2.

---

[1] Plaintiff amended the rejected claims to add "a wireless cellular interface" and then argued only that Rothschild did not disclose a cellular interface. *Id*. Following an interview with the examiner, on February 8, 2018, Plaintiff filed a Supplemental Amendment, eliminating any references to a "WIFI interface" in the claims and substituting instead the recitation of "a cellular interface." Thus, consistent with the admissions in the specification, Plaintiff admitted that the hardware limitations in its claims recite conventional computer technology.

There is no merit to Plaintiff's argument that the claims are not abstract because "using data from the cellular interface to determine whether the upload is allowed, providing a user option on the touchscreen to turn the feature on, and receiving a selection of at least one of the pictures to be uploaded" are "specific, technological conditions." Dkt. 65 at 16. Those alleged conditions merely recite generic graphics user interface (GUI) components connected and working in their normal and conventional way. The Federal Circuit has found that such user interfaces, even customized ones, are abstract ideas. *See Affinity Labs of Texas, LLC v. Amazon.com, Inc.*, 838 F.3d 1266, 1271 (Fed. Cir. 2016) ("customized user interface" is an abstract idea). Further, as discussed above, because the specification does not recite any algorithm for accomplishing those functions, they must have been well-known to those skilled in the art. *See Spectra-Physics*, 827 F.2d 1534.

There is no merit to Plaintiff's attempt to align the asserted claims with those at issue in *Core Wireless Licensing S.A.R.L. v. LG Electronics, Inc.*, 880 F.3d 1356 (Fed. Cir. 2018) and *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278 (Fed. Cir. 2020). Dkt. 65 at 13-15. In *Core Wireless*, the claims described in detail the specific improvement of the claimed user interface, including unique and specific user interface elements, such as "an application summary window that can be reached directly from the main menu." 880 F.3d at 1359, 1362 ("The asserted claims in this case are directed to an improved user interface for computing device"). In *TecSec,* the claims recited improved computer software elements (*e.g.*, "object-oriented key manager") as well as improved ways of computer software programming steps *(e.g.*, "labelling the encrypted object"). 978 F.3d at 1295-97. In contrast, the asserted claims in this case do not claim any improved user interface or computer software element/programming, but instead reciting generic and conventional user interface elements and programming steps in their routine configuration to implement the abstract idea of uploading data during the periods when there are cheap (*i.e.*, no or reduced) network access fees. *See* '761 patent at 16:65-17:17. In

fact, Plaintiff has admitted in this case that the "controller" that is configured to perform these programming steps just needs to be a microprocessor well known by a person of ordinary skill in the art. *See* Dkt. 45 at 4. Like the claims found invalid in *Electric Power Group v. Alstom S.A.*, "the focus of the claims [here] is not on such an improvement in computers as tools, but on certain independently abstract ideas that use computers as tools." 830 F.3d 1350, 1354 (Fed. Cir. 2016). Federal Circuit law is clear that claims "directed to a patent-eligible improvement to computer functionality … must be directed to an improvement to the functionality of the computer or network platform itself." *Customedia Techs., LLC.*, 951 at 1365.

As measured by the Federal Circuit decisions cited above, the asserted claims in this case recite nothing more than the abstract idea of uploading pictures from cell phone cameras while avoiding or reducing fees from cellular carriers. *See, e.g., PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1318 (Fed. Cir. 2021) ("'[T]he focus of the claims is not on . . . an improvement in computers as tools, but on certain independently abstract ideas that use computers as tools.'"); *Finjan Inc. v. Blue Coat Sys.*, 879 F.3d 1299, 1305 (Fed. Cir. 2018) (claims directed to unpatentable abstract idea where none of the alleged computer improvements "'enables a computer . . . to do things it could not do before'"); *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 2016 WL 4373698, at *6 (D. Del. Aug. 15, 2016), *aff'd*, 874 F.3d 1329 (Fed. Cir. 2017). Indeed, as shown in a side-by-side chart attached as Exhibit A, a strikingly similar claim (U.S. Patent No. 9,578,369) was recently found to be invalid under Section 101 on a Rule 12b6 motion. *See Maxell, Ltd. et al. v. Vizio, Inc.*, No. 21-cv-6758-GW-DFMx, Dkt. 183 (C.D.Cal. Apr. 19, 2023). (Unpublished decision attached as Ex. B.)

### B. *Alice* Step 2: The Claims of the Asserted Patents Recite No Inventive Concept

Contrary to Plaintiff's argument at pages 17-20 of its Opposition, there is no genuine factual dispute that needs to be resolved to determine that the claims fail to recite an inventive

concept. In *PersonalWeb*, the Federal Circuit made clear that "not every § 101 determination contains genuine disputes over the underlying facts material to the § 101 inquiry." 8 F.4th at 1314. In this case, both the specification and prosecution history admit that all of the hardware elements recited in the claims were well-known. *See supra* §§II.A.1; II.B. Thus, there are no material facts in dispute.

Plaintiff's argument that its claims are "novel" (Dkt. 65 at 19-20) is irrelevant under the *Alice* analysis. *See Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1315 (Fed. Cir. 2016) ("'[t]he 'novelty' of any element or steps in a process, or even of the process itself, is of no relevance in determining whether the subject matter of a claim falls within the § 101 categories of possibly patentable subject matter'"); *see also supra* §II.B. Further, Plaintiff's alleged novelty over prior art (*i.e.*, uploading photos under conditions of no or reduced network fees) is an abstract idea and thus cannot provide the inventive concept for purpose of Section 101. *See BSG Tech LLC v. BuySeasons, Inc.*, 899 F.3d 1281, 1290 (Fed. Cir. 2018) ("It has been clear since *Alice* that a claimed invention's use of the ineligible concept to which it is directed cannot supply the inventive concept that renders the invention 'significantly more' than that ineligible concept."). "If a claim's only 'inventive concept' is the application of an abstract idea using conventional and well-understood techniques, the claim has not been transformed into a patent-eligible application of an abstract idea." *Id*. at 1290-91.[2]

### C. Resolution under § 101 is Appropriate at this Stage

Defendants followed this Court's general approach and filed its moving motion *after* the Court's *Markman* Order. *See Slyce Acquisition Inc. v. Syte-Visual Conception Ltd.*, No.

---

[2] Stated another way, "a claim for a new abstract idea is still an abstract idea." *Simio, LLC v. FlexSim Software Prods., Inc.*, 983 F.3d 1353, 1364 (Fed. Cir. 2020) (quoting *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1151 (Fed. Cir. 2016)) (emphasis in *Simio*); *see also Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1084, 1093 (Fed. Cir. 2019) ("The abstract idea itself cannot supply the inventive concept, 'no matter how groundbreaking the advance.'"); *see also Yu v. Apple Inc.*, 1 F.4th 1040, 1045 (Fed. Cir. 2021) ("But even if claim 1 recites novel subject matter, that fact is insufficient by itself to confer eligibility.").

6:19-cv-257-ADA, 2020 WL 278481, at *5, *7 (W.D. Tex. Jan. 10, 2020). Plaintiff is unable to manufacture factual disputes to avoid judgment on the pleadings because the specification and prosecution history admit that all of the hardware recited in the claims is conventional. *See supra* §§II.A.1, II.B. "[N]ot every § 101 determination contains genuine disputes over the underlying facts material to the § 101 inquiry." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018). Thus, the Federal Circuit has repeatedly affirmed early resolution of patent eligibility challenges in cases such as this one. *See, e.g., SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161 (Fed. Cir. 2018); *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335 (Fed. Cir. 2018); *Secured Mail Sols., LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017) ("a court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification"). Because any finding necessary to the resolution of the section 101 issue here is rooted in the patent claims, specification, and file histories, there are no disputed facts for the Court to resolve.

This Court should reject Plaintiff's request that "to the extent Court concludes additional facts should be pled, CEV seeks leave to amend its complaint incorporate material from the specification and prosecution history addressed in this brief and set forth CEV's accompanying 'Statement of Material Facts from the Public Record.'"[3] *See* Dkt. 65 at 20. But any such amendment would be futile because, as noted above, the specification admits that all of the hardware recited in the disputed claims is conventional. No amended pleading could cure the admissions made in the specification.

## IV. CONCLUSION

Defendants respectfully submit that their motion for judgment on the pleadings should be granted.

---

[3] The deadline to amend the pleadings has passed (May 1, 2023). *See* Dkt# 35.

Dated: May 15, 2023                    Respectfully submitted,

By:   */s/ Mark D. Siegmund*
**Cherry Johnson Siegmund James, PLLC**
Mark D. Siegmund
Gregory Phillip Love
400 Austin Ave., 9th Floor
Waco, Texas 76701
Telephone: (254) 732-2242
Facsimile: (866) 627-3509

**RIMON P.C.**
Thomas Fawell
Texas State Bar No. 24118098
700 Milam Street, Suite 1300
Houston, TX 77002
Telephone/Facsimile: (832) 404-2051

Jason Liang Xu (*PHV admitted*)
DC Bar No. 980531
1990 K Street NW, Suite 420
Washington, D.C. 20006
Telephone/Facsimile: (202) 470-2141

Eric Cohen (*PHV admitted*)
2530 Meridian Parkway, #300
Durham, North Carolina 27713
Telephone/Facsimile: (919) 241-7495

*Counsel for Defendants TCL Technology Group Corporation, TCL Electronics Holdings Limited, TCL Communication Technology Holdings Limited, and TCL Communication Limited*

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE] – Document Filing System, to all counsel of record, on this 15th day of May 2023.

                                                    _/s/ Mark D. Siegmund_
                                                    MARK D. SIGMUND