UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **CUTTING EDGE VISION, LLC,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | CIVIL NO. W-22-CV-00285-ADA |
| § | |
| **TCL TECHNOLOGY GROUP COR-** § | |
| **PORATION, TCL ELECTRONICS** § | |
| **HOLDINGS LIMITED, TCL COM-** § | |
| **MUNICATION TECHNOLOGY** § | |
| **HOLDINGS LIMITED, TCL COM-** § | |
| **MUNICATION LIMITED,** § | |
| | |
| **Defendants.** | |

### ORDER ON MOTION FOR LEAVE TO AMEND CONTENTIONS AND MOTION TO STRIKE NEWLY ADDED PRODUCTS FROM COMPLAINT

Before the Court are two related motions: Plaintiff Cutting Edge Vision, LLC ("Plaintiff")'s Motion for Leave to Serve Supplemental Final Infringement Contentions upon Defendants TCL Technology Group Corporation, TCL Electronics Holdings Limited, TCL Communication Technology Holdings Limited, and TCL Communication Limited ("Defendants") (ECF No. 70) and Defendants' Motion to Strike Newly Identified TCL Products from the Second Amended Complaint (ECF No. 73). Both motions have been fully briefed and the Court does not find a hearing to be necessary. Based on a review of the briefs and the applicable caselaw, the Court hereby **GRANTS** Plaintiff's Motion for Leave and **DENIES** Defendants' Motion to Strike.

### I. BACKGROUND

Under the Court's amended scheduling order (ECF No. 56), fact discovery in this case opened on February 3, 2023, the day after this Court held its Markman Hearing. On May 1, 2023, the last date for doing so under the scheduling order, Plaintiff filed a Second Amended Complaint (Dkt. 68). On April 6, 2023, CEV timely served its Final Infringement Contentions for the 26

Accused Devices listed in CEV's First Amended Complaint. ECF No. 70 at 2. One of Plaintiff's metrics for determining infringement was whether a device is "sold with Google Photos installed." ECF No. 71 at 3. At the time CEV filed its Final Infringement Contentions, CEV had not received all of the discovery into Defendants' sales data that Plaintiff first requested from Plaintiff's First Set of Requests for Production of Documents served on February 8, 2023. Over a week later, Defendant produced some of the requested sales figures, but "determined that the sales volume for the Accused Devices provided in TCL's spreadsheet was much lower than the sales volume reports for TCL that CEV independently obtained from reputable, independent third parties that track Android device sales." *Id*. 70 at 2-3. This led to Plaintiff seeking the assistance of a third party to investigate TCL's sales, which indicated the sales figures were "inaccurate and heavily underreported" and showed that TCL sells several other infringing models that were not "heavily advertise[d] online or that it 'white labels' for other companies, without a clear statement on the packaging that TCL is the manufacturer of those devices." *Id*. at 3.

The operative scheduling order set May 1, 2023 as the deadline for filing amended pleadings without leave of Court. On that date, Plaintiff filed its Second Amended Complaint adding 14 newly accused devices that were uncovered as part of the independent third party investigation, and removing one device that was determined to not be sold during the relevant damages period. *Id*. Defendants move to strike these new additions on the basis that they were not included in the final infringement contentions.

## II.     DISCUSSION

A party seeking to modify the Court's scheduling order must show "good cause." Fed. R. Civ. P. 16(b)(4). Pursuant to the Order Governing Proceedings ("OGP") and the Scheduling Order entered in this case, leave of Court is required to amend infringement contentions after the final contention deadline. ECF No. 36 at 3. "This deadline [however], does not relieve the parties of their

obligation to seasonably amend if new information is identified after initial contentions." *Id*. The inclusion of this language indicates that the Court anticipates, and expects, parties to amend their final contentions as discovery progresses in the case and the parties further develop their infringement theories. The OGP's model scheduling order puts the final contention deadline at 8 weeks following the *Markman* hearing, but fact discovery does not end for another 22 weeks after that. Placing the final contentions deadline at this juncture in the schedule forces the moving party to be diligent in developing its contentions, while providing the opposing party with sufficient time to develop its case and defenses and seek its own discovery into the issues it deems relevant. "Infringement contentions serve the critical function of defining the scope of discovery and narrowing the issues in patent litigation." *R2 Solutions LLC, v. American Airlines, Inc*., No. 4:22-CV-00353, 2023 WL 3938862, at *3 (E.D. Tex. June 9, 2023).

      The Court is cognizant that, as discovery unfolds, new facts are developed, and theories are fine-tuned. As such, diligent parties who are properly prosecuting their case will likely find themselves needing to amend their contentions after the final deadline. Indeed, parties have an *obligation* to supplement their disclosures along the way as the trajectory of the case changes. "If the parties were not required to amend their contentions promptly after discovering new information, the contentions requirement would be virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).

      This ability to amend contentions, however, is not without bounds. Courts consider the following factors when determining whether to allow a party to supplement infringement contentions: "(1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings." *Davis-*

*Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07-cv-559, 2009 U.S. Dist. LEXIS 1644, at *8 (E.D. Tex. Jan. 12, 2009).  The Court will address each element in turn.

### 1. The Reason for the Delay and Whether the Party has Been Diligent

Plaintiffs seek to amend their contentions to add the following additional accused products: (28) Alcatel 1X Evolve; (29) Alcatel 3V; (30) Alcatel 7; (31) Alcatel A30 Fierce; (32) Alcatel CameoX; (33) Alcatel IdealXCITE; (34) Alcatel Idol 5; (35) Alcatel TCL 20XE; (36) Alcatel TCL A1; (37) Alcatel TCL A2; (38) Alcatel TCL A3; (39) Alcatel TCL A3X; and (40) Alcatel Verso. Plaintiffs claim they were diligent in adding these products, which were received in response to Plaintiff's *first* set of Request for Productions.  Plaintiff did not immediately receive the full tranche of documents, and the record shows that the Plaintiff was not dilatory in seeking the information.  *See* ECF No. 70 at 2 (showing that Plaintiff submitted a discovery deficiency notice less than 2 weeks after being served responses to the discovery requests, a meet-and-confer occurred that next week, and the parties agreed to produce documents within the next month).  Plaintiff didn't begin to receive sales information until two weeks before the final contention deadline, and still had not received all of what was requested by the final contention deadline. *Id*. This timeline of activities is standard for a patent case and the Court finds no evidence of dilatory behavior. This is all standard discovery practice. If anything, Defendant was slow to produce documents, and any attempt to "run out the clock" before the scheduling order deadline should not be held against Plaintiffs.

Defendant argues that Plaintiff could have identified the additional products before the Complaint was filed because the information could have been obtained by the third party earlier as part of its pre-filing investigation.  ECF No. 71 at 3. Defendant also counters that the products are all identified as Alcatel brand products, which Plaintiff knew had a connection to TCL, some of the products had "TCL" in their names, Plaintiff identified "many similar Alcatel/TCL mobile phones" in the prior Complaints, and Plaintiff is using the late sales data as an excuse to justify its own delays.  *Id*. at 4; ECF No. 80 at 2.  The Court disagrees.  Plaintiff was not required to have turned over every

rock before the filing of the Complaint. There is no evidence that Plaintiff "did not conduct an adequate pre-filing investigation." ECF No. 80 at 3. Plaintiff has an ethical obligation to only allege products it believes (at that time) to be infringing, and if the discovery process uncovers bases for alleging additional products of infringement, those can be added through amendment. That is what the discovery process is for, and all indications suggest that Plaintiff has been diligent in obtaining discovery. Had Plaintiff simply sat on its hands slowly prosecuting its case, that would be a different story.

### 2. Danger of Unfair Prejudice

Plaintiff claims Defendant will not suffer any undue prejudice because the asserted patents are the same, there are "no substantial differences in the accused infringement" as compared to the originally identified Accused Products, and had the sales data been produced sooner, these 14 new products could have been timely identified. ECF No. 78 at 2-3. Defendants argue they would be prejudiced because they narrowly produced sales documents responsive to the requests for production, which only asked "*for Each of the Accused Devices*, documents sufficient to show…[financial information]," and not necessarily all products that incorporated Google Photos. ECF No. 80 at 2 (emphasis in original). Defendant says they would be prejudiced by having to now produce discovery into these new products "at this stage of the case." *Id.*

The Court disagrees. The parties still have over two months of fact discovery remaining and had even more time when this dispute first arose. The accused devices are highly similar, share nearly identical infringement reads, and should not be a surprise to Defendants. Other courts in this Circuit would have required sales information for the newly asserted products to already have been produced and this would have never been an issue. *See Eastern District of Texas General Order Regarding Track B Initial Patent Case Management Order*, available at https://www.txed.uscourts.gov/sites/default/files/goFiles/14-03.pdf ("For purposes of this disclosure, accused products include all products identified in the infringement contentions and all reasonably

5

similar products (*i.e., other products that a party should reasonably expect to be accused of infringement of the asserted claims after a full opportunity for discovery*) (emphasis added).  The Court fully agrees with this definition of "reasonably similar products."  Though Defendants did not produce similar product sales information, Plaintiff was able to ascertain the 14 additional accused products during the course of fact discovery. The Court finds no reason to preclude parties from being able to amend final contentions months before expert reports, when the record shows that they engaged in reasonable fact discovery for a patent litigation case. The Court is aware that the final contention deadline occurs relatively early in discovery.  As long as parties are diligent in discovery and provide the opposing party with sufficient notice of their new contentions, motions for leave to amend final contentions (such as this) should be granted.  This aligns with this Court's rule of thumb to "adhere to a policy of liberal discovery" and lets the facts (as opposed to motion practice) dictate the trajectory of the case.  *IGT v. Zynga Inc.*, No. W-21-CV-00331-ADA, 2022 WL 606719, at *2 (W.D. Tex. Mar. 1, 2022).

### 3. The Importance of the Materials

Neither side spends much time on this issue, but the Court agrees with Plaintiff that the issue of infringement is an important one, and it would be important to promptly and efficiently adjudicate this matter.  The Court has already construed terms and heard discovery disputes.  It would be highly wasteful to require the parties to file a second lawsuit on the additional accused products.

### 4. Availability of a Continuance

Neither party argues that a continuance would be needed, and with nearly two months of fact discovery to go, the Court agrees.

### III. CONCLUSION


Plaintiff's Motion for Leave to Amend Final Infringement Contentions is **GRANTED**. The Court finds Plaintiff was diligent in amending its final contentions, and Defendant will not suffer prejudice. Defendant's Motion to Strike the Amended Complaint is therefore **DENIED** as MOOT.

SO ORDERED this 14th day of June 2023.

_____
HONORABLE DEREK T. GILLILAND
U.S. MAGISTRATE JUDGE